# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ABRAHAM CRUZADO,

    Plaintiff,

v.

ISIDRO BACA et al.,

    Defendants.

3:16-cv-00690-MMD-WGC

**ORDER**

## I. DISCUSSION

On November 29, 2017, the Court issued a screening order dismissing some claims with leave to amend, dismissing other claims without leave to amend, and permitting some claims to proceed. (ECF No. 5 at 21). The Court granted Plaintiff 30 days from the date of that order to file a second amended complaint curing the deficiencies of the amended complaint. (*Id.* at 22). The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed against Defendants Moses and Baca (Count I — due process); Vest, Henley, Brodsway, Nurse Melissa, and Nurse Jane Doe, when Plaintiff learns her identity, (Count II — deliberate indifference (KOPs)); Brumfield (Count II — deliberate indifference (medical diet)); Henley (Count II — conditions of confinement (sanitation)); Moyle, Castro, and Jane Doe, when Plaintiff learns her identity, (Count III — retaliation); and Gedney, Lucas, Brodsway, Perry, and Aranas (Count IV – deliberate indifference (Hep-C)) only. (*Id.* at 22).

On December 11, 2017, Plaintiff filed a response with the Court stating that he did not want to file a second amended complaint and, instead, wanted to proceed immediately against the defendants. (ECF No. 7 at 1-2). Pursuant to the screening order, this action shall proceed against Defendants Moses and Baca (Count I — due process); Vest, Henley, Brodsway, Nurse

Melissa, and Nurse Jane Doe, when Plaintiff learns her identity, (Count II — deliberate indifference (KOPs)); Brumfield (Count II — deliberate indifference (medical diet)); Henley (Count II — conditions of confinement (sanitation)); Moyle, Castro, and Jane Doe, when Plaintiff learns her identity, (Count III — retaliation); and Gedney, Lucas, Brodsway, Perry, and Aranas (Count IV – deliberate indifference (Hep-C)) only.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 5), this action shall proceed against Defendants Moses and Baca (Count I — due process); Vest, Henley, Brodsway, Nurse Melissa, and Nurse Jane Doe, when Plaintiff learns her identity, (Count II — deliberate indifference (KOPs)); Brumfield (Count II — deliberate indifference (medical diet)); Henley (Count II — conditions of confinement (sanitation)); Moyle, Castro, and Jane Doe, when Plaintiff learns her identity, (Count III — retaliation); and Gedney, Lucas, Brodsway, Perry, and Aranas (Count IV – deliberate indifference (Hep-C)) only.

IT IS FURTHER ORDERED that given the nature of the claim(s) that the Court has permitted to proceed, this action is **STAYED** for ninety (90) days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this ninety-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before ninety (90) days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

IT IS FURTHER ORDERED that "settlement" may or may not include payment of

money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

IT IS FURTHER ORDERED that if the case does not settle, Plaintiff will be required to pay the full $350.00 filing fee. This fee cannot be waived. If Plaintiff is allowed to proceed *in forma pauperis,* the fee will be paid in installments from his prison trust account. 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

IT IS FURTHER ORDERED that if any party seeks to have this case excluded from the inmate mediation program, that party shall file a "motion to exclude case from mediation" on or before twenty-one (21) days from the date of this order. The responding party shall have seven (7) days to file a response. No reply shall be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically **SERVE** a copy of this order, the original screening order (ECF No. 5) and a copy of Plaintiff's amended complaint (ECF No. 6, 6-1) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that the Attorney General's Office shall advise the Court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

DATED: This __12th__ day of December, 2017.

_William G. Cobb_
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ABRAHAM CRUZADO,

    Plaintiff,

  v.

ISIDRO BACA et al.,

    Defendants.

3:16-cv-00690-MMD-WGC

REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

*///*
*///*
*///*
*///*

4

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

  ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

  ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

  ____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

  ____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

  ____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

  ____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

  ____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

1     \_\_\_\_ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____     _____
                                  Print                                             Signature

Address:    _____        Phone:
                                                                               _____
               _____        Email:
                                                                               _____